# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **VANESSA BISSERETH** § | | |
| § | | |
| Plaintiff § | CAUSE NO. 1:25-cv-97 | |
| v. § | | |
| **BANK OF AMERICA, N.A. AND** § | | |
| **JAVITCH BLOCK, LLC** § | Removed from Justice Court-Precinct No. 5 | |
| § | of Travis County, Texas | |
| Defendant § | Cause No. J5-CV-24-274397 | |
| § | | |

## NOTICE OF REMOVAL

Bank of America, N.A. ("BANA" or "Defendant") hereby removes the action that Vanessa Bissereth ("Plaintiff") filed in the Justice Court-Precinct No. 5 of Travis County, Texas to the United States District Court for the Western District of Texas, Austin Division. BANA further shows as follows:

### I.    STATEMENT OF THE CASE

1. On November 20, 2024, Plaintiff commenced Cause No. J5-CV-24-274397, styled *Vanessa Bissereth v. Bank of America, N.A. and Javitch Block, LLC*, in the Justice Court-Precinct No. 5 of Travis County, Texas (the "State Court Action"). On that date, Plaintiff filed her *Original Petition* (the "Petition") against BANA and Javitch Block, LLC. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the State Court Action and obtained by Defendant are attached hereto as composite **Exhibit B**, and they are incorporated herein by reference.

2. Plaintiff has sued BANA for violations of the Texas Debt Collection Act ("TDCA"). (Pet. ¶¶ 17-21). Plaintiff has also sued Javitch Block, LLC for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., a federal statute. (Pet. ¶¶ 23-

24.) The Court thus has original jurisdiction of this suit under 28 U.S.C § 1331 because Plaintiff brings this action, in part, under the FDCPA.

3. In filing this *Notice of Removal*, Defendant does not waive, and specifically reserves, any and all objections as to service, personal jurisdiction, defenses, exceptions, rights, and motions. No statement herein or omission shall be deemed to constitute an admission by Defendant of any of the allegations of, or damages sought in, the Petition.

## II.    TIMELINESS OF REMOVAL

4. Defendant was served with the Petition on December 27, 2024. (*See* **Exhibit F**, Original Petition with Service of Process Notification.) This *Notice of Removal* is filed within 30 days of service of the Petition on Defendant. Accordingly, it is timely.[1]

5. A defendant's receipt of the initial pleading, without the proper effectuation of service, does not trigger the 30–day removal period. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding 30–day deadline did not begin when defendant received faxed, file-stamped copy of complaint but had not yet been served). Accordingly, even if BANA received the initial pleading prior to December 27, 2024, that date cannot be considered for purposes of calculating the removal deadline. *Id.*

6. 28 U.S.C. § 1446(b) limits defendants to removing "within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief" (emphasis added). However, the Supreme Court has interpreted the "or otherwise" language of 28 U.S.C. § 1446(b) to mean a named defendant's time to remove is triggered by

---

[1] *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.").

simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service. *See Murphy Brothers*, 526 U.S. at 347–48. Because BANA was not formally served until December 27, 2024, that is the date that triggered the running of Section 1446's thirty-day time limit. *See Shakouri v. Davis*, 923 F.3d 407, 409–10 (5th Cir. 2019) ("If a defendant is never properly served, the thirty-day limit for filing a notice of removal does not commence to run."); *Chambers v. Greentree Servicing, LLC*, No. 3:15-CV-1879-M-BN, 2015 WL 4716596, at *4 (N.D. Tex. Aug. 7, 2015) (plaintiff's allegation that defendant knew or should have known about the lawsuit prior to the actual date of service is irrelevant because defendant had no obligation to remove prior to its receipt or waiver of service).

7. Because BANA has filed this *Notice of Removal* before January 26, 2025 (that being 30 days after the formal service of process, which was on December 27, 2024), removal is timely under the controlling statute and case law.

### III.   VENUE

8. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because this District and Division include Travis County, Texas, the location of the pending State Court Action.[2]

### IV.   BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

9. Removal of this case is proper under 28 U.S.C. § 1441(a), which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to

---

[2] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(b)(2).

the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because it is apparent on the face of Plaintiff's Petition that this action arises under and presents questions of federal law. (Pet ¶¶ 23-24.) Specifically, Plaintiff pleads asserts claims under the FDCPA, which is a federal statute. *See* 15 U.S.C. § 1692, et seq.; *see also Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936) (the U.S. district courts have jurisdiction of a case if a federal question is raised in the complaint, but jurisdiction cannot be based on federal question in an answer).

11. With respect to Plaintiff's state law causes of action (asserted under the Texas Debt Collection Act), this Court has supplemental jurisdiction over any such claims under 28 U.S.C. § 1367 because those claims arise out of the same operative facts as Plaintiff's claims under federal law and "form[s] part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

12. Because at least some of Plaintiff's alleged right to relief arises under the laws of the United States, removal of this entire cause of action is appropriate under 28 U.S.C. §§ 1441(a)-(c).

## V. PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

13. Plaintiff has demanded a jury trial. (*See* Plaintiff's Jury Demand in composite **Exhibit B**.)

14. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed in the State Court Action are attached hereto as **Exhibit B**.

15. All named defendants have consented to this removal. (*See* Certificate of Conference below.)

16. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this *Notice of Removal*, Defendant is providing Plaintiff with written notice of removal, and a copy of this *Notice of Removal* is being filed with the Clerk of the Justice Court Precinct No. 5 of Travis County, Texas.

## VI. CONCLUSION

17. The Court may exercise federal question and supplemental jurisdiction over this action because the Plaintiff alleges a federal claim.

WHEREFORE, Defendant requests that the above-captioned action now pending in Justice Court-Precinct No. 5 of Travis County, Texas be removed to the United States District Court for the Western District of Texas, Austin Division, and that said United States District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

| | |
|---|---|
| Dated: January 21, 2025 | Respectfully submitted, |
| | */s/ Matthew D. Durham*<br>**MATTHEW D. DURHAM**, SBN: 24040226<br>mdurham@mcguirewoods.com<br>**McGuireWoods, LLP**<br>2601 Olive Street, Suite 2100<br>Dallas, Texas 75201<br>Telephone: (214) 932-6400<br>Facsimile: (214) 932-6499<br><br>**ATTORNEY FOR DEFENDANT**<br>**BANK OF AMERICA, N.A.** |

## CERTIFICATE OF CONFERENCE

On Thursday, January 16, 2025, the undersigned conferred with Tyler Lansden, counsel for co-defendant Javitch Block, LLC. Co-defendant has *consented* to removal.

*/s/ Matthew D. Durham*
**MATTHEW D. DURHAM**

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2025, a true and correct copy of the foregoing was served via the ECF filing system as follows:

Robert Zimmer
zimmerlawtx@gmail.com
ZIMMER & ASSOCIATES, A LAW FIRM
**ATTORNEY FOR PLAINTIFF**

Tyler Lansden
tlansden@jbllc.com
JAVITCH BLOCK LLC
**ATTORNEY FOR DEFENDANT**
**JAVITCH BLOCK, LLC**

*/s/ Matthew D. Durham*
**MATTHEW D. DURHAM**